**IN THE UNITED STATES COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BRENDA FAYE SPEED, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:17-cv-03227 |
| MIDLAND CREDIT MANAGEMENT, INC., | § | |
| Defendant. | § | |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ORIGINAL ANSWER TO
ORGINAL COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Midland"), and files its Original Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint").

1.     As to the allegations of Paragraph 1, Midland admits that Plaintiff purports to bring this action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the Texas Debt Collection Act, TEX. FIN. CODE §392.001, *et seq.* ("TDCA"), but denies that Plaintiff has any such claims herein.

2.     As to the allegations of Paragraph 2, Midland admits that this Court generally has jurisdiction over claims arising under § 1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

3.     As to the allegations of Paragraph 3, Midland does not contest venue.

4.     As to the allegations of Paragraph 4, Midland admits that Plaintiff is a natural person over the age of 18.  Midland lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5.     As to the allegations of Paragraph 5, no response is necessary because Plaintiff does not assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227.  To the extent a response is required, Midland denies that Plaintiff has any such claims for relief herein

and further denies that Midland violated any section or sections of the Telephone Consumer Protection Act.

6.      As to the allegations of Paragraph 6, Midland admits that it is a Kansas corporation with a place of business at 3111 Camino Del Rio N., Suite 1300 in San Diego, CA 92108. Midland denies any remaining allegations in this paragraph.

7.      As to the allegations of Paragraph 7, no response is necessary because Plaintiff does not assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227.  To the extent a response is required, Midland denies that Plaintiff has any such claims for relief herein and further denies that Midland violated any section or sections of the Telephone Consumer Protection Act.

8.      The allegations of Paragraph 8 are denied.

9.      The allegations of Paragraph 9 are a characterization of Plaintiff's claims and do not require a response.  To the extent a response is required, the allegations of Paragraph 9 are denied.

10.     The allegations of Paragraph 10 are denied.

11.     As to the allegations of Paragraph 11, upon reasonable inquiry, Midland is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

12.     As to the allegations of Paragraph 12, it is admitted that the listed phone numbers belong to Midland.  The remaining allegations of Paragraph 12 are denied.

13.     As to the allegations of Paragraph 13, it is admitted that the listed phone numbers are at times used by Midland in the collection of debts.  All remaining allegations of Paragraph 13 are denied.

14.     As to the allegations of Paragraph 14, upon reasonable inquiry, Midland is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

15.     The allegations of Paragraph 15 are denied.

16.     The allegations of Paragraph 16 are denied.

17.     The allegations of Paragraph 17 are denied.

18.     As to the allegations of Paragraph 18, upon reasonable inquiry, Midland is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding whether Plaintiff has received calls while at her place of employment.  All remaining allegations of Paragraph 18 are denied.

19.     The allegations of Paragraph 19 are denied.

20.     As to the allegations of Paragraph 20, upon reasonable inquiry, Midland is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

21.     The allegations of Paragraph 21 are denied.

22.     As to the allegations of Paragraph 22, upon reasonable inquiry, Midland is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

23.     The allegations of Paragraph 23 are denied.

24.     As to the allegations of Paragraph 24, Midland restates its answers to Paragraphs 1 through 23 as though fully restated herein.

25.     As to the allegations of Paragraph 25, upon reasonable inquiry, Midland is without knowledge or information sufficient to form a belief as to the truth or falsity of the

AUS-6458105-1

allegations contained in this paragraph because it does not know the purposes for which Plaintiff's underlying financial obligations were incurred.

26.     As to the allegations of Paragraph 26, Midland admits that it may be considered a debt collector under the FDCPA for some purposes.  Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations that it acted as a debt collector with respect to Plaintiff because it is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the debt.

27.     As to the allegations of Paragraph 27, Midland admits that at times it is engaged in the business of collecting or attempting to collect defaulted debts owed or due to others.  The remaining allegations of Paragraph 27 are denied.

28.     As to the allegations of Paragraph 28, Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.     As to the allegations of Paragraph 29, Midland admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.

30.     The allegations of Paragraph 30 are denied.

31.     The allegations of Paragraph 31 are denied.

32.     As to the allegations of Paragraph 32, Midland admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.

33.     As to the allegations of Paragraph 33, Midland admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.

34.     The allegations of Paragraph 34 are denied.

35.     As to the allegations of Paragraph 35, Midland admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.

AUS-6458105-1

36.     The allegations of Paragraph 36 are denied.

37.     The allegations of Paragraph 37 and its subparts (a) through (f) are denied.

38.     As to the allegations of Paragraph 38, Midland restates its answers to Paragraphs 1 through 37 as though fully restated herein.

39.     As to the allegations of Paragraph 39, Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.     As to the allegations of Paragraph 40, Midland admits that it may be considered a debt collector under the TCDA for some purposes.  Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations that it acted as a debt collector with respect to Plaintiff because it is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the debt.

41.     As to the allegations of Paragraph 41, Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the debt at issue qualifies as a "consumer debt" under the TDCA because it is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the debt.

42.     As to the allegations of Paragraph 42, Midland admits that the allegations in this paragraph purport to quote the TDCA but denies that Plaintiff has any such claim herein.

43.     The allegations of Paragraph 43 and its subparts (a) through (f) are denied.

## AFFIRMATIVE DEFENSES

The following affirmative defenses are asserted in the alternative.

44.     The Complaint fails to state a claim upon which relief may be granted, in whole or in part.

AUS-6458105-1

45.     Midland denies that Plaintiff has suffered any damages as a result of Midland's conduct.

46.     Midland asserts that the mistakes, if any, in complying with applicable law are excusable based upon equitable principles such as substantial compliance.

47.     Midland asserts that Plaintiff's FDCPA and TCDA claims against Midland are brought in either bad faith or for purposes of harassment, and requests reasonable attorney fees related to the work performed in defense of this matter and costs pursuant to 15 U.S.C. §1692k(a)(3) and TEX. FIN. CODE §392.403(c).

WHEREFORE, Defendant MIDLAND CREDIT MANAGEMENT, INC. requests that this Court enter judgment that Plaintiff take nothing by her claims and that Midland recover costs and such other and further relief as it may show itself justly entitled.

Respectfully submitted,

HUSCH BLACKWELL, LLP

By: */s/ Sabrina A. Neff*
Sabrina A. Neff        (TBN: 24065813)
1800 Bering Dr., Suite 750
Houston, Texas 77057
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile
sabrina.neff@huschblackwell.com

ATTORNEYS FOR DEFENDANT
MIDLAND CREDIT MANAGEMENT, INC.

6

AUS-6458105-1

*OF COUNSEL:*
HUSCH BLACKWELL, LLP
1800 Bering Dr., Suite 750
Houston, Texas 77057
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

## CERTIFICATE OF SERVICE

A copy of the foregoing Original Answer and Affirmative Defenses has been served upon the following on this the 28th day of December, 2017:

*Via ECF:* nvolheim@sulaimanlaw.com
*thatz@sulaimanlaw.com*
Nathan C. Volheim
Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
*Counsel for Plaintiff*

By: */s/ Sabrina A. Neff*
Sabrina A. Neff

7